JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Acting Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNESTO D AND DIANA B. ADAMOS, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> RODERICK ARCE – ICE; ) <br> DANIEL BIBLE – ICE; ) <br> U.S. ATTY GEN. MICHAEL ) <br> MUKASEY, ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 08-4116-WHA <br><br> **GOVERNMENT'S MOTION TO DISMISS** |

## I.  INTRODUCTION

The respondents hereby submit this motion to dismiss in response to the above-entitled petition for writ of habeas corpus that was filed on August 28, 2008.[1]

## II.  FACTS

The petitioners, natives and citizens of the Philippines, were ordered removed by an Immigration Judge on April 12, 2000. Declaration of Polly Kaiser ¶ 2. The Board of Immigration

---

[1] The United States Attorney's Office was not served with the above-entitled habeas petition, but the undersigned received a copy of the habeas petition from the United States Immigration and Customs Enforcement at approximately 4:00 p.m. on August 29, 2008.

GOVERNMENT'S MOTION TO DISMISS
C-08-4116-WHA                                                1

Appeals dismissed their appeal of the Immigration Judge's removal order on November 19, 2002, and the United States Court of Appeals for the Ninth Circuit dismissed the petitioners' petition for review on January 15, 2004. *Id.* at ¶¶ 3-4.

The United States Immigration and Customs Enforcement (ICE) took the petitioners into custody on July 31, 2008, but the petitioners were released the same day on an Order of Supervision because of their age, medical issues, lack of criminal history, and with an agreement to cooperate in obtaining their passports and airline tickets for departure from the United States to the Philippines. *Id.* at 5. After purchasing their tickets and providing ICE with passports in the time frame specified in their Order of Supervision, the petitioners were removed on Friday, August 29, 2008, at approximately 10:30 p.m. via Philippines Airlines Flight # 105, out of San Francisco International Airport. *Id.* at 6.

Prior to their departure, the petitioners submitted a letter to ICE Deportation Officer Roderick Arce informing him that they were withdrawing their habeas petition because if they did not depart as planned on August 29, 2008, they faced the possibility of being arrested by ICE for failure to comply with the term in their Order of Supervision that they would make their own travel arrangements and depart the United States on August 29, 2008. A copy of this letter is attached as Exhibit A to the Declaration of Polly Kaiser. It does not appear from a review of the letter that the petitioners attempted to file this letter with the Court.

### III. DISCUSSION

To the extent the petitioners' habeas petition can be read as a challenge to their conditions of confinement (or, specifically, to the conditions of their Order of Supervision, which, according to the petitioners, required the petitioners, *inter alia*, to report to ICE three times per week) or the length of their detention, the habeas petition is moot because the petitioners have been removed to the Philippines. Kaiser Declaration at ¶ 6; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating that a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution").

To the extent the petitioners' habeas petition can be read as a challenge to their removal order, this Court lacks jurisdiction to review the petitioners' removal order under the REAL ID Act of

GOVERNMENT'S MOTION TO DISMISS
C-08-4116-WHA                                              2

2005. *See Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) (stating that the REAL ID Act expressly eliminated district court habeas review over all final orders of removal).[2]

### IV. CONCLUSION

For the reasons set forth above, the respondents respectfully ask this Court to dismiss the petition for writ of habeas corpus.

Date: September 2, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney

---

[2] If the petitioners' habeas petition can be read as a challenge to their removal order, their departure from the United States does not necessarily moot their habeas petition. *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (stating that the case or controversy requirement is met where the petitioner is deported, so long as he was in custody when the habeas petition was filed and he continues to suffer actual collateral consequences of his removal). However, as stated above, even if the habeas petition is not moot in light of the petitioners' departure from the United States, this Court lacks jurisdiction to review a challenge to an alien's removal order in light of the REAL ID Act of 2005. *See Singh*, 499 F.3d at 977.

GOVERNMENT'S MOTION TO DISMISS
C-08-4116-WHA                3

JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Acting Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNESTO D AND DIANA B. ADAMOS, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> RODERICK ARCE – ICE; ) <br> DANIEL BIBLE – ICE; ) <br> U.S. ATTY GEN. MICHAEL ) <br> MUKASEY, ) <br> ) <br> Respondents. ) | No. C 08-4116-WHA <br><br> **DECLARATION OF POLLY KAISER** |

I, POLLY KAISER, DECLARE AS FOLLOWS:

(1) I am a Supervisory Detention and Deportation Officer for Detention and Removals for Immigration and Customs Enforcement (ICE) in San Francisco, California. In that capacity, I have reviewed the petitioners' Administrative File and have direct knowledge of this case and attest as follows.

(2) The petitioners, Ernesto D. And Diana B. Adamos, were granted voluntary departure by an Immigration Judge on April 12, 2000, to June 10, 2000, with an alternate order of removal to the Philippines.

(3) The Board of Immigration Appeals (BIA) dismissed the petitioners' appeal on November

KAISER DECLARATION
C-08-4116-WHA                                                   1

19, 2002. In addition the BIA granted an additional 30 days of voluntary departure to the petitioners.

(4) The United States Court of Appeals for the Ninth Circuit affirmed the BIA's order, denying the petitioners' petition for review on January 15, 2004. The mandate issued on March 9, 2004, with one day of voluntary departure remaining. The petitioners did not depart the United States within their voluntary departure period and they became subject to an administratively final order of removal on March 11, 2004.

(5) The petitioners were initially taken into ICE custody on July 31, 2008, and released the same day on an Order of Supervision and the Intensive Supervision Appearance Program (ISAP) because of their age, medical issues, lack of criminal history, and with an agreement to cooperate in obtaining their passports and tickets for departure from the United States to the Philippines.

(6) After purchasing tickets and providing ICE with passports in the time frame specified in their Order of Supervision, the petitioners were removed on Friday, August 29, 2008, at approximately 10:30 p.m. via Philippines Airlines Flight # 105, out of San Francisco International Airport.

(7) Prior to their departure, the petitioners' submitted a letter to ICE Deportation Officer Roderick informing him that they were withdrawing their habeas petition because if they did not depart as planned on August 29, 2008, they faced the possibility of being arrested for failure to comply with the term in their Order of Supervision that they would make their own travel arrangements and depart the United States on August 29, 2008. A copy of the petitioners' letter is attached to this declaration at Exhibit A.

Dated: September 2, 2008

_____
Polly Kaiser
Supervisory Detention and Deportation Officer
Detention and Removals
United States Immigration and Customs Enforcement
San Francisco, California

KAISER DECLARATION
C-08-4116-WHA                         2

**EXHIBIT A**

OFFICER RODERICK ARCE                               8/29/2008
US IMMIGRATION AND CUSTOMS ENFORCEMENT
ISAP OFFICER IN-CHARGE
630 SANSOME ST. SAN FRANCISCO 94111

DEAR SIR,

    AS PER OUR CONVERSATION THROUGH YOUR ISAP REPRESENTATIVE MARGARITA, I AGREE TO YOUR REQUEST TO WITHDRAW MY HABEAS CORPUS PETITION, AS MY WIFE IS HAVING TRAUMA AND NERVOUS BREAKDOWN UPON HEARING FROM YOUR OFFICE THAT YOU ARE GOING TO DETAIN US AND WILL NOT BE GIVEN OUR PASSPORTS OR TRAVEL DOCUMENTS AND WILL NOT BE ALLOWED TO LEAVE AS SCHEDULED TONIGHT AT 10:30 PM.

    SO FOR THE BENEFIT OF MY WIFE'S HEALTH & SAFETY I HEREBY WITHDRAW MY HABEAS CORPUS PETITION FILED IN UNITED STATES DISTRICT OF NORTHERN CALIFORNIA CASE NO. 4116, CV08, WHA.

RESPECTFULLY,
ERNESTO O. ADAMOS, JR.


HABEAS CORPUS PETITION
CASE NO. 4116, CV08, WHA