IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO D AND DIANA B ADAMOS, | No. C 08-04116 WHA |
| Petitioners, | |
| v. | **ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS** |
| RODERICK ARCE – ICE, DANIEL BIBLE – ICE, U.S. ATTY GEN. MICHAEL MUKASEY, | |
| Respondents. | |

Petitioners, natives and citizens of the Philippines, were ordered removed by an immigration judge on April 12, 2000 (Kaiser Decl. ¶ 2). The Board of Immigration Appeals dismissed their appeal of that order on November 19, 2002 (Kaiser Decl. ¶ 3). On January 15, 2004, the United States Court of Appeals for the Ninth Circuit denied their petition for review (Kaiser Decl. ¶ 3). The United States Immigration and Customs Enforcement took petitioners into custody on July 31, 2008, and petitioners were released the same day pursuant to an order of supervision — with an agreement to cooperate regarding their departure — due to their age, medical issues, lack of criminal history (Br. at 2).

Petitioners filed a petition for writ of habeas corpus on August 29, 2008. They challenge their order of removal and, although the petition is somewhat ambiguous, arguably also their order of supervision. Petitioners, however, were removed from the country on August 29, 2008 (Kaiser Decl. ¶ 6).

Respondents have moved to dismiss the Adamos' habeas petition. Respondents contend that, insofar as petitioners challenge their order of removal, the REAL ID Act deprives the Court of jurisdiction to entertain the petition, and insofar as petitioners seeks to challenge their order of supervision, the petition is moot due to petitioners' departure. Respondents also contend that petitioners submitted a letter to them withdrawing the petition, although the material submitted to the Court is contradictory in that regard.[1]

Respondents motion to dismiss the petition is hereby granted. This court lacks jurisdiction to hear petitioners' challenge to their final order of removal. *Singh v. Gonzales*, 499 F.3d 969, 977–78 (9th Cir. 2007). Because petitioners have been removed from the United States, the petition is moot insofar as it challenges the order governing their supervision pending removal.

**IT IS SO ORDERED.**

Dated: October 1, 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] A copy of this letter, which is dated August 29, 2008, is attached as Exhibit A to the Kaiser Declaration. In this letter Mr. Adamos states, "I agree to your request to withdraw my habeas corpus petition, as my wife is having trauma and nervous breakdown upon hearing from office that you are going to detain us and will not be given our passports or travel documents and will not be allowed to leave as scheduled tonight." This letter was not filed with the Court. Petitioners did file with the court a Declaration, also dated August 29, 2008, in which he states "I . . . hereby declare that I do not intend to leave the United States by means of deportation of the United States Immigrations & Customs Enforcement . . . . May this serve as clarification for whatever conflict of statements that I have made or I have signed with the office . . . prior to this date."

2